UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christopher G. Fournier

   v.                                              Civil No. 08-cv-338-JD

William Wrenn, Commissioner,
New Hampshire Department of
Corrections[1]

**O R D E R**

Before the Court is Christopher Fournier's petition for a writ of habeas corpus (document no. 1). The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); see also United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review

---

[1] I construe this action to name Larry Blaisdell, the Warden of the Northern New Hampshire Correctional Facility, where Fournier was incarcerated at the time this petition was filed, as the respondent to this action. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (general rule is that the proper respondent in habeas challenge to present physical confinement is the warden of the facility where the prisoner is being held, rather than a remote supervisory official).

pro se prisoner filings pursuant to 28 U.S.C. § 1915A). For the reasons stated herein, I direct that this matter be served on Respondent, who is directed to answer the petition.

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and

inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On October 4, 2006, Fournier was convicted, after a jury trial, of second degree assault and sentenced to 3 ½ – 7 years in prison. He is presently serving that sentence. Fournier filed, through court-appointed appellate counsel, a timely direct appeal of his criminal conviction to the New Hampshire Supreme Court ("NHSC"). That appeal alleged that the trial court erred in excluding evidence that Fournier sought to introduce at trial in order to impeach the complainant's credibility. The direct appeal was accepted for briefing and argument and the New Hampshire Appellate Defender ("NHAD") was appointed to represent Fournier.

Fournier objected to the appointment of the NHAD on the grounds that the New Hampshire Public Defender ("NHPD"), which employs the NHAD attorneys, had been disqualified from his case at the trial level for a conflict of interest. Fournier asserted that the NHAD should likewise be prohibited from representing him, as its attorneys would be operating under the same conflict

as the NHPD attorneys, and that he was unable to waive his right to conflict-free representation as he was not made aware of the nature of the conflict.  The appointed NHAD attorney represented to the NHSC that he did not have a conflict that would prevent him from representing Fournier.  The NHSC denied Fournier's motion to disqualify the NHAD as counsel.

After his direct appeal was filed in the NHSC, Fournier moved in the Superior Court for a new trial, alleging that he had been denied the effective assistance of counsel at trial.  The motion was denied by the trial court without a hearing.  On June 28, 2007, Fournier appealed the denial of his motion to the NHSC, and sought to have the matter joined with his then-pending direct appeal.[2]  On July 6, 2007, the NHSC ordered that the appeal of the denial of the motion for new trial be given a separate docket number than the direct appeal.  Fournier objected to giving his motion for new trial appeal a separate docket number, claiming that because he was alleging that his trial rights had been violated, resulting in an improper conviction, that the appeal of

---

[2]The direct appeal of his conviction had been stayed during the pendency of the motion for new trial before the trial court, as the granting of that motion would have rendered the appeal moot.  Processing of the direct appeal resumed shortly after Fournier filed his appeal of the denial of his motion for new trial.

his new trial motion should, like his direct appeal, be accepted by the NHSC as a mandatory appeal.[3]  On August 17, 2007, the NHSC declined Fournier's appeal of the denial of his motion for a new trial.  Fournier continued to litigate the appropriateness of the appointment of the NHAD, as well as the assignment of his case to the "3JX"[4] panel in the NHSC.  His objections were denied on October 15, 2007.

Fournier filed a petition for a writ of certiorari in the United States Supreme Court challenging the NHSC's treatment of his appeal from the denial of his motion for a new trial as non-mandatory.  The petition was denied on January 7, 2008.

Fournier now files the instant petition, setting out the following claims for relief:[5]

---

[3]Matters entitled to mandatory appeal before the NHSC generally include final decisions on the merits by the Superior Courts.  NHSC rules, however, explicitly exclude appeal from final decisions on the merits issued in post-conviction review proceedings, including motions for new trial.  N.H. Sup. Ct. R. 3.

[4]The NHSC's 3JX panel is a panel of three judges established to expedite that Court's docket by providing a method of summary disposition of cases involving, primarily, the interpretation and application of established law.  See generally N.H. Sup. Ct. R. 12-D (providing for summary procedures on appeal).

[5]The claims, as identified here, shall be considered to be the claims raised in Fournier's petition for all purposes.  If Fournier objects to the identification of the claims herein, he

    1.    The NHSC's treatment of Fournier's appeal of the denial of his motion for a new trial as a non-mandatory case violated his rights under the Due Process Clause of the Fourteenth Amendment and the Equal Protection Clause of the Fifth Amendment;

    2.    Fournier was denied his right to the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments, when his trial attorney failed to assert a self-defense claim on his behalf;

    3.    Fournier's rights to the effective assistance of appellate counsel and to due process of law were denied, in violation of the Sixth and Fourteenth Amendments, when the NHSC appointed an attorney to represent him who should have been disqualified due to a conflict of interest.[6]

## Discussion

To be eligible for federal habeas relief, Fournier must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process. See 28 U.S.C. § 2254(a) & (b); see Duncan v. Kennedy, 513 U.S. 364, 365 (1995) (per curiam). Fournier satisfies the

---

must do so by properly moving to amend his petition.

[6] As to this claim, Fournier also asserted a general violation of his Fifth Amendment right to the equal protection of the laws. Because Fournier failed to identify any facts, however, supporting such a claim, I will not consider the Fifth Amendment claim to have been adequately raised and will construe this claim, instead, to raise the claims as iterated in this Order.

first requirement as he is currently serving his prison sentence and is thus in custody.

The Court further finds that Fournier satisfies the second requirement that state court remedies be exhausted. A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v.Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27 (2004) (citing Duncan, 513 U.S. at 365–66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)). In order to fairly present his claim in the state courts, Fournier need only provide the state courts with one full opportunity to pass upon the federal question presented. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999). I find that Fournier, by raising his instant claims,

including the federal nature of the claims, before the NHSC, has fairly presented the issues to that court for consideration. Fournier has, therefore, exhausted his claims in the state courts.

Accordingly, I direct that the petition be served upon Respondent, who shall file an answer or other pleading in response to the allegations made therein.  See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order and the petition for a writ of habeas corpus (document no. 1).  See § 2254 Rule 4; LR 4.3(d)(2)(C).

Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5.  Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper,

after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:     January 7, 2009

cc:       Christopher G. Fournier, pro se