UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Christopher G. Fournier

        v.                            Civil No. 08-cv-338-JD

Warden, Northern New Hampshire
Correctional Facility


O R D E R


    Christopher G. Fournier, who is proceeding pro se, filed a
habeas corpus action pursuant to 28 U.S.C. § 2254.  On
preliminary review, the magistrate judge determined that Fournier
raised three claims in his habeas petition.  The Warden moved for
summary judgment on all three claims.

    The motion for summary judgment apparently did not reach
Fournier for nearly a month.  He then filed a motion asking the
court to continue the case until he is released on parole because
he currently lacks access to legal research facilities.  The
Warden failed to respond to Fournier's motion.

    Because the court lacked information about what resources
were available to Fournier while he lived in transitional housing
at Calumet House in Manchester, the Warden was directed to
respond to Fournier's motion.  See Order, June 23, 2009 (dkt. no.
27).  In particular, the Warden was asked to explain what access
Fournier has to legal research materials and whether the Warden

objects to the continuance or stay Fournier requested.  In his response, the Warden states that the only state law library is in Concord.  The Warden agrees with Fournier that the Manchester Public Library does not provide the materials Fournier would need to conduct legal research for his habeas proceeding.

The Warden suggests, however, that because the Manchester Public Library offers one hour of free internet use each day to its cardholders, Fournier could conduct on-line legal research at the library.  In support of that approach, the Warden notes that citations for court cases can be found on the internet.  The Warden argues that because all of the cases cited in its memorandum in support of summary judgment can be found on the internet and because additional briefing of the issues by Fournier is not likely to assist the court in deciding the motion for summary judgment, no further access to legal materials is necessary.[1]

Prisoners are entitled to "adequate, effective, and meaningful" access to the courts.  Bounds v. Smith, 430 U.S. 817, 822 (1977).  As part of the right to access the courts, prisoners must be provided tools that are needed, among other things, to

---

[1]Contrary to the Warden's position, Fournier is entitled to respond to the motion for summary judgment, whether or not the Warden or the court believes his response "would be of assistance."

pursue a habeas corpus action.  Lewis v. Casey, 518 U.S. 343, 355

(1996).  Prison authorities, therefore, must provide prisoners

with access to legal research facilities or, alternatively, to

legal assistance that is necessary to allow a reasonably adequate

opportunity to access the courts.[2]  See Christopher v. Hardy, 536

U.S. 403, 413 (2002) (citing cases); Bounds, 430 U.S. at 828;

Wade v. Brady, 460 F. Supp. 2d 226, 250 (D. Mass. 2006) (same).

The Warden's response is inadequate to determine whether

Fournier is afforded access to legal research facilities or

materials that allow him a reasonable opportunity to access the

courts.  Fournier cannot be limited to looking up the cases, on

the internet, cited by the Warden in his memorandum.  Instead,

Fournier is entitled to an opportunity to research the issues

that the Warden challenges for purposes of summary judgment.

From the Warden's response, it is unclear whether Fournier would

have access to a legal research site, such as LEXIS or WESTLAW,

through the Manchester Public Library.

Although the Warden appears to consider it unnecessary, the

Warden does not object to an extension of time for Fournier to

respond to the motion.  Fournier has asked for an extension of

---

[2]To state a claim based on denial of access, a prisoner must
also demonstrate that the deprivation caused him actual injury.
Lewis, 518 U.S. at 351–52.

time until after he is released on parole, which date is not yet certain, although he apparently is scheduled for parole on July 18, 2009.  Neither Fournier nor the Warden anticipate that a delay will prejudice the case.

Therefore, Fournier is granted an extension of time to respond to the Warden's motion for summary judgment until August 1, 2009.  No further extensions of time will be granted unless Fournier shows that he is unable to conduct legal research due to the restraints imposed by his incarceration.

## Conclusion

For the foregoing reasons, the plaintiff's motion for an extension of time (document no. 26) is granted to the extent that the deadline for filing the plaintiff's response to the respondent's motion for summary judgment is extended to August 1, 2009.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 1, 2009

cc:  Christopher G. Fournier, pro se
     Stephen D. Fuller, Esquire
     Elizabeth C. Woodcock, Esquire

4