```
           UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE
```

Christopher G. Fournier

    v.                                    Civil No. 08-cv-338-JD

Warden, Northern New Hampshire
Correctional Facility


O R D E R

Christopher Fournier, proceeding pro se and in forma pauperis, brought a habeas corpus action pursuant to 28 U.S.C. § 2254. On April 10, 2009, the Warden filed a motion for summary judgment. On April 23, 2009, Fournier notified the court that he had moved from prison to Calumet House in Manchester. Fournier was granted an extension of time until June 12, 2009, to respond to the motion.

Fournier moved for an additional extension of time to respond to the motion for summary judgment, contending that he lacked access to legal materials while in transitional housing at Calumet House. He asked that he be granted an extension of the deadline for response until after he is released on parole. The Warden failed to respond to Fournier's motion, and was ordered to do so to provide information about Fournier's access to legal research materials. The Warden's response did not show that Fournier had adequate access to legal research materials. The

court granted an extension of time until August 1, 2009, and warned Fournier that no additional extensions of time would be granted unless Fournier could show that he was unable to conduct research because of the restrictions imposed by his incarceration.

On July 13, 2009, Fournier filed "Response to the Court's Most Recent Order," referring to the order granting an extension until August 1, which was docketed as a motion to stay the proceedings. Fournier reports that he tried to do legal research at the Manchester Public Library but was unable to access legal research sites, such as LEXIS and WESTLAW, and that the library lacked other resources for legal research. He explains that although he was scheduled to be paroled on July 18, that would not happen because he has been unable to find employment. He states that he expects to be paroled within the next four to six months. He asks that his case be stayed until either he is returned to prison or paroled, when he will have access to legal research materials. The Warden did not respond to Fournier's motion.

A petitioner for habeas relief does not have a constitutional right to counsel. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987). The court, however, may appoint counsel for a financially eligible person if "the interests of justice so

require." 18 U.S.C. § 3006A(a)(2)(B). Fournier, who is proceeding in forma pauperis, is financially eligible for appointed counsel. The court deems it to be in the interests of justice to appoint counsel to represent Fournier in this matter because of his demonstrated inability to access legal research and to avoid the delay that would result if the case were stayed until Fournier is released on parole.

## Conclusion

For the foregoing reasons, the petitioner's motion (document no. 30) is granted to the extent that counsel will be appointed to represent the petitioner in this case, and the petitioner's response to the pending motion for summary judgment will be due **thirty days from the date that counsel is appointed.** Counsel will be appointed from the court's Criminal Justice Act list.

SO ORDERED.

                                                *Joseph A. DiClerico, Jr.*
                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

July 31, 2009

cc: Christopher G. Fournier, Pro se
    Elizabeth C. Woodcock, Esq.
    Stephen D. Fuller, Esq.