UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christopher Fournier

   v.                              Civil No. 08-cv-338-JD

Warden, Northern New Hampshire
Correctional Facility


O R D E R

Christopher Fournier, proceeding pro se, filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, from his state court conviction. Counsel was appointed later to represent him. The court previously granted summary judgment in favor of the Warden on three of Fournier's claims. Fournier added a fourth claim while the Warden's first motion for summary judgment was pending. The Warden now moves for summary judgment on the fourth claim. Fournier, who is represented by counsel, did not file a response to the motion for summary judgment.


Standard of Review

Summary judgment is commonly used in habeas corpus proceedings to determine whether the issues raised may be decided based on the record, within the procedural confines of § 2254. See Fed. R. Civ. P. 81(a)(4); Rule 12, Rules Governing § 2254 Proceedings. Ordinarily, summary judgment is appropriate when

"the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Background

Fournier was involved in a physical altercation with his ex-girlfriend, Tammy Robinson, early in the morning of January 22, 2006. As a result, Robinson sustained injuries, including a lacerated spleen, which required surgery and a six-day stay in the hospital. Fournier was arrested the same day and charged with two counts of assault and one count of obstructing the reporting of a crime. On October 6, 2006, he was convicted on the charge of second degree assault and was acquitted of the other charges.

Fournier and Robinson testified at trial, along with other witnesses. Fournier moved in limine to be permitted to cross-

examine Robinson about another incident involving Robinson in which she was charged with domestic simple assault following an altercation with her daughter.  Defense counsel asserted that Robinson made false statements to the police about the incident and sought to introduce that evidence to show Robinson's character for untruthfulness.[1]  The trial court held a hearing and ruled that the defense could not ask Robinson about the incident.

    On appeal to the New Hampshire Supreme Court, Fournier argued that the trial court erred in precluding defense counsel from cross-examining Robinson about the incident "bearing on her character for truthfulness."  Fournier argued that the proposed cross-examination was admissible under New Hampshire Rule of Evidence 608(b) and was not inadmissible under Rule 403.  The New Hampshire Supreme Court held that any error in limiting the cross-examination of Robinson under New Hampshire Rule of Evidence 608(b) was harmless and affirmed Fournier's conviction.

## Discussion

    For purposes of habeas corpus, Fournier contends that the trial court violated his Fifth and Fourteenth Amendment

---

[1] Defense counsel also argued the evidence was pertinent to Robinson's character for violence and alcohol abuse.

rights to confrontation and New Hampshire evidentiary rules by precluding cross-examination of the victim "on a proper matter of inquiry," which was her statement to police about another assault.[2]  The Warden moves for summary judgment on the grounds that Fournier did not exhaust the claim in state court and that now the claims would be procedurally barred in state court.  As is noted above, Fournier did not file a response to the Warden's motion.

"[A] state prisoner must exhaust available state remedies before seeking federal habeas relief."  Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010) (citing 28 U.S.C. § 2254(b)(1)(A)).  To support federal habeas relief, the petitioner must show that "the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States.'"  Abrante v. St. Amand, 595 F.3d 11, 15 (1st Cir. 2010) (quoting § 2254(d)(1)).  "In order to exhaust a <u>federal</u> claim, a petitioner must present that claim fairly and recognizably to the state courts."  Janosky, 594 F.3d at 50 (emphasis added).

---

[2]The right to confrontation is found in the Confrontation Clause of the Sixth Amendment.  Fournier may have intended to assert his constitutional right to present a complete defense.  See United States v. DeCologero, 530 F.3d 36, 72-73 (1st Cir. 2008) (discussing the interaction of the Fifth and Sixth Amendments).

4

Specifically, a petitioner must present the federal claim "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Id.

In Fournier's state case, he raised only state evidentiary grounds to support his claim. He did not raise or even suggest a federal ground for his claim. Therefore, Fournier did not exhaust his claim that the state court violated his Fifth and Fourteenth Amendment rights by barring cross-examination of Robinson about the incident involving an assault on her daughter.

Because the claim is unexhausted, it does not provide a basis for habeas corpus relief under § 2254. Therefore, the Warden is entitled to summary judgment on Fournier's last claim.

## Conclusion

For the foregoing reasons, the Warden's motion for summary judgment (document no. 57) is granted.

The clerk of court shall enter judgment in accordance with this order and the court's previous order granting summary judgment (document no. 56) and close the case.

The petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the court declines to issue a certificate of appealability, but the petitioner may seek a certificate from the court of appeals under Federal Rule

of Appellate Procedure 22.  <u>See</u> 28 U.S.C. 2253(c); Rule 11, Federal Rules Governing Section 2254 Cases.

    SO ORDERED.

                                     /s/ Joseph A. DiClerico, Jr.
                                     Joseph A. DiClerico, Jr.
                                     United States District Judge

November 3, 2010

cc:  Harry C. Batchelder, Jr., Esquire
     Stephen D. Fuller, Esquire
     Elizabeth C. woodcock, Esquire